IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTA BIENIEK, individually, and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE AND PENSION FUNDS, an Illinois Corporation. <br><br> Defendant. | JURY TRIAL DEMANDED <br><br> Case No. |

**CLASS ACTION COMPLAINT**

NOW COME Plaintiffs, Dorota Bieniek ("Bieniek"), individually, and on behalf of all similarly situated individuals ("Plaintiffs"), by and through their undersigned counsel, and for their Class Action Complaint against Defendant Central States Southeast and Southwest Areas Health and Welfare Pension Funds ("Central States"), states as follows:

**Nature of the Action and Introduction**

1. This action involves Defendant's violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101), as amended ("ADA") for failure to provide reasonable accommodations.

2. Bieniek received a determination from the EEOC that Central States failed to provide her with a reasonable accommodation.

3. Despite this, Central States has yet to engage with Bieniek and similarly situated individuals in the interactive process to provide a reasonable accommodation.

4. Plaintiffs seek to enjoin Defendant from future discrimination and recover, *inter alia,* compensatory damages, punitive damages, and attorneys' fees and costs.

## Parties and Venue

5. Plaintiff Dorota Bieniek is a female with a disability who resides in Downers Grove, Illinois.

6. Bieniek began employment with Central States on March 17, 2014, and remains employed by Central States as of this filing.

7. Her job duties consist of researching, analyzing, and responding to inquiries from participants, providers, local unions and other parties regarding claims for benefits.

8. Defendant Central States has approximately 670 employees and consists of two separate multiemployer trust funds that provide pension and health benefits to over 500,000 participants and beneficiaries throughout the United States.

9. Bieniek bring this action as a class action under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.

10. Specifically, the class Plaintiff Bieniek seeks to represent is comprised of all current and/or former Central States employees any time from March 15, 2020 through the date of final judgment, or the date of the resolution of any appeals therefrom, whichever is later, who were denied a reasonable accommodation for their disability or disabilities.

11. On information or belief, the Class contains more than thirty (30) individuals, all of whom are readily ascertainable based on the Central States' records, and is so numerous that joinder of all members is impracticable.

12. Plaintiff Bieniek and other Class Members sustained damages arising out of the Central States' common course of conduct in violation of law as complained herein.

13. The injuries and damages of each member of the Class were directly caused by the Central States wrongful conduct in violation of laws as alleged herein.

14. Plaintiff Bieniek will fairly and adequately protect the interests of the members of the Class and has retained counsel competent counsel in this matter.

15. Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class include:

a. Whether Central States discriminated and/or continues to discriminate against the Class in violation of the ADA, by failing to provide reasonable accommodations, and whether Plaintiff and the Class have suffered disparate impact and/or disparate treatment discrimination as a result of Defendant's wrongful conduct.

b. Whether there are legitimate, non-discriminatory reasons for the failure of Central States to provide reasonable accommodations and whether those reasons are pretext for unlawful discrimination.

c. Whether Central States has willfully violated the ADA by intentionally, knowingly, and/or deliberately denying Bieniek and Class members reasonable accommodations.

d. Whether, as a result of Central States ongoing conduct, violation of the ADA, and/or willful discrimination, Plaintiff and similarly situated former and current Central States employees have suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as noneconomic damages.

16. The Central States policies at issue apply uniformly to all members of the Class.

17. The prosecution of separate actions by individual members of the Class would create the risk of:

      a. Inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the Class; or

      b. Adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their abilities to protect their interests

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class Members is impracticable.

19. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and Central States, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class.

20. A Class action, on the other hand, would achieve substantial economies of time, effort and expense, and would ensure uniformity of decision as to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.

21. The interest of members of the Class in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class has a high degree of cohesion, and prosecution of the action through representatives would be unobjectionable. The amounts at stake for Class Members, while substantial in the aggregate, may not be great enough individually to enable them to maintain separate suits against Central States.

22. Plaintiff Bieniek does not anticipate any difficulty in the management of this action as a class action.

23. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs assert federal claims under the ADA.

24. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) because a Plaintiffs reside in this district; all Plaintiffs perform or performed work in this district for Central States. Central States conducts substantial business throughout this district, including, but not limited to, maintaining its primary headquarters in this district.

**Factual Background**

    A.    **Bieniek's Disability and Her Work Environment**

25. For more than 20 years, Bieniek suffered from migraine headaches.

26. Bieniek's condition is a "disability" as defined by the ADA.

27. Her condition has been well documented and was adequately controlled with lifestyle and diet modifications, prescription drugs and over-the-counter medication prior to March of 2018.

28. In March of 2018, Central States installed a Sound Masking System ("SMS") in its building. The SMS adds background sound that purportedly reduces noise distractions and protects speech privacy.

29. The floor that Bieniek worked on was divided into six (6) zones for the SMS, with each zone able to be activated or deactivated at Central States' command. See Central States' Position Statement p. 4, attached as Exhibit A.

30. On the day that the System was activated, Central States began to receive complaints of headaches, nausea, dizziness, etc., from four (4) employees, including Bieniek. *Id.*

31. Central States attempted to address this issue by reducing the level of noise generated by the SMS but employees, including Bieniek, continued to complain of adverse health issue as a result of the SMS. *Id.*

32. On April 12, 2018, Central States' devised a "test" and turned off the SMS in zone 1 to see if employees would continue to complain of adverse health impacts. *Id.*

33. On information of belief, Central States took no steps to see if the noise generated by the SMS from other zones entered zone 1 during this "test" period.

34. When individuals in zone 1 continued to complain of issues related to the SMS, Central States told the employees that the SMS was turned off in their zone and asked them to explain how it was possible for them to continue to be impacted by the SMS. *Id.*

35. It should be noted that even though the employees in the "test" had their workstations in zone 1, the employees had to walk through other zones during the work day and, again, Central States did not take any steps to prevent the SMS noise from entering zone 1.

36. Central States claimed it did know why those employees experienced headaches, nausea, dizziness, etc., but it was convinced that the symptoms were not caused by the System based upon the "test." *Id.*

37. In July of 2019, Central States moved from the Rosemont Building to the Chicago Building and had the same SMS installed throughout its offices in the Chicago Building.

38. Prior to July 2019, Central States operated out of a building located in Rosemont, Illinois (the "Rosemont Building").

39. In July 2019, Central States moved to its new office located at 8647 W. Higgins Road, Chicago Illinois 60631 (the "Chicago Building").

      **B.**     **Bieniek's Attempt to Engage Central States in the Interactive Process**

40. On November 25, 2019, Bieniek submitted her request for an ADA accommodation to the Human Resources Group. In support of her request, Ms. Bieniek submitted a completed

Medical Inquiry Form and note prepared by her doctor, and a memorandum outlining her request for an accommodation.

41. Bieniek informed Central States that the following factors aggravated her condition and caused more severe migraines: (1) the frequency/decibel settings on the sound masking system; (2) the sound emanating from the HVAC system; and (3) the overhead LED lighting.

42. On December 10, 2019, personnel from the Human Resources Group, including its Director, Mr. Scott Robbins, met with. Bieniek to discuss her health issues and accommodation request.

43. Bieniek reiterated that her migraines were triggered by work environment factors, that her migraines go away when she leaves work, and that she rarely experiences any migraines away from work.

44. Central States did not believe it had an obligation to accommodate Bieniek. *Id* at 13.

45. The "accommodation" offered to Bieniek was to relocate her workstation within the same area of the building.

46. Bieniek stated that the SMS was the primary cause of her migraines but was open to relocating her workstation despite the fact that she knew this would cause friction with her coworkers as Central States insisted she move to an already occupied workstation, requiring one of her coworkers to move to another location.

47. Bieniek moved to her new workstation on January 27, 2020.

48. On March 4, 2020, Bieniek notified Central States that the accommodation was not effective and that her migraines continued to worse.

49. Central States took no action in response to Bieniek's March 4, 2020, notification.

50. On or about March 21, 2020, Central States directed the majority of its employees, including Bieniek, to work remotely.

51. Due to the COVID-19 pandemic, almost all of Central States' employees (including Bieniek) worked from home from March of 2020 until early 2022.

52. Bieniek began working from home and her migraines dissipated.

53. Bieniek performed all of the essential functions of her job while working remotely and received a positive performance review during the period she worked remotely.

54. Bieniek became more productive during this time as she no longer suffered from migraines.

55. This period of remote work demonstrated that Bieniek did not need to work from the Chicago Building to fulfill the essential functions of her role.

### C. Central States Failure to Provide a Reasonable Accommodation

56. On August 31, 2020, Bieniek requested to continue working remotely after others return to the office as a reasonable accommodation for her condition.

57. Central States responded to Bieniek's request and said it would be reviewed once a decision was made to bring employees back into the office.

58. Seeking a more definitive answer, on September 25, 2020, Ms. Bieniek sent an email to Central States' Executive Director, Thomas Nyhan, requesting that he consider her request to continue working remotely after other employees return to the office. This email was sent well before Central States required any employees to return to the office.

59. This request was rejected on September 30, 2020, by Mr. Nyhan.

60. Plaintiff Bieniek filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 30, 2020 on behalf of herself and all similarly

situated Central States Employees alleging the Central had discriminated against them on the basis of disability and sex, and failed to provide reasonable accommodations.

61. Following this exchange and the filing of her EEOC Charge, Bieniek made repeated attempts to seek a reasonable accommodation, but Central States failed to engage with her in the interactive process.

62. On November 15, 2021, the EEOC issued a determination that Central States discriminated against a class of individual, including Bieniek, by failing to provide a reasonable accommodation in violation of the ADA. See Exhibit B.

63. In April of 2022, Bieniek was instructed to return the Central States offices at least two days per week.

64. Following her return to the Chicago Building, Bieniek began experience frequent and severe migraines.

65. As a result of these migraines, Bieniek was forced to use FMLA time to treat her migraines and was unable to earn her hourly wages, including several opportunities for overtime pay, as a result of Central States failure to provide a reasonable accommodation to her disability.

66. Bieniek made repeated requests for a reasonable accommodation to address her disability since her return to Chicago Building.

67. Central States failed to substantively respond to Bieniek's requests for reasonable accommodation since her return to the Chicago Building.

68. On August 22, 2022, the EEOC issued Plaintiff Bieniek a Notice of Right to Sue, which she received on August 23, 2022. True and accurate copies of Plaintiff Bieniek's Notice of Right to Sue is attached to this Complaint as Exhibit C.

69. Bieniek, individually, and on behalf of all similarly situated individuals, has exhausted her administrative remedies and brings this action in a timely manner.

## COUNT I
## Violations of the ADA

70. Plaintiffs realleges all preceding paragraphs as though fully set forth herein.

71. Plaintiff Bieniek brings this claim on behalf of herself and the Class she represents.

72. The conduct described herein violates the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101).

73. Central States has and continues to intentionally discriminate against Plaintiff Bieniek and the Class she seeks to represent on the basis of disability by failing to provide reasonable accommodations as required by the ADA.

74. Central States' discriminatory practices described above have denied Plaintiff Bieniek and the Class she seeks to represent of compensation and other benefits of employment to which they are entitled, which has resulted in the loss of past and future wages and other job benefits, and have caused these Plaintiffs to suffer emotional distress and pain and suffering caused by an exacerbation of their disabilities.

75. Central States acted or failed to act as herein alleged with malice or reckless indifference to the protected rights of Plaintiff Bieniek and the Class she seeks to represent. Plaintiff Bieniek and the Class are thus entitled to punitive damage.

**WHEREFORE**, Plaintiff Bieniek requests that this Court issue the following relief:

A. Certify this action as a class action under the ADA, designate Plaintiff Bieniek as the representatives of the proposed class, and her counsel of record as Class Counsel;

B. All damages that the individual Plaintiff Bieniek and the Class have sustained as a result of the Central States unlawful conduct including, but not limited to, back pay, front pay, general and special damages, including pain and suffering, for lost compensation and job benefits that they would have received but for the discriminatory practices of the Central States;

C. Exemplary and punitive damages in an amount commensurate with the Central States ability to pay and to deter future discriminatory conduct;

D. A preliminary and permanent injunction against Central States and its directors, officers, agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth herein;

E. A declaratory judgment that the practices complained of in this Complaint are unlawful and violate 42 U.S.C. § 2000e, et seq, in accordance with the findings of the EEOC;

F. Costs incurred, including reasonable attorneys' fees, to the extent allowable by law;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such other relief as the Court deems just, necessary and proper

**JURY TRIAL DEMANDED**

PLAINTIFF RESPECTFULLY DEMANDS A TRIAL TO A JURY OF ALL ISSUES SO TRIABLE.

Dated: November 20, 2022

    Respectfully submitted,

    Dorota Bieniek and all similarly situated individuals,

    /s/ Ethan G. Zelizer
    One of Their Attorneys

    /s/ John M. Liston
    One of Their Attorneys

    Ethan G. Zelizer (#6280096)
    John M. Liston (#6309558)
    HR Law Counsel, LLC
    29 South Webster Street
    Suite 350-C, Naperville, IL 60540
    Phone: 630.551.8374
    Fax: 630.566.0705
    E-Mail: ethan@hrlawcounsel.com